UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY BLUE,

           Plaintiff,

  - Against –

N.Y.S. ATTY. GEN. LETITIA JAMES, ASST. ATTNY.
GEN. WILLIAM A. SCOTT and ANTONIA G. MINUTOLI,
HON. JUSTIN CORCORAN and SUSAN M. KUSHNER,
SUPT. RAYMOND SHANLEY and LYNN J. LILLEY,
C.O. J. WOODS #32107 and SGT. LUIS J. OLIVENCIA,
in their individual and official capacities,

           Defendants.

---

Index No. **9:24-cv-1203** GTS/TWD
CIVIL ACTION

COMPLAINT

Plaintiff Demands
Trial by Jury

**FILED** SEP 30 2024 AT ____ O'CLOCK ____
John M. Domurad, Clerk  Utica

**PLEASE TAKE NOTICE that** the Plaintiff Anthony Blue, hereby appears in this action Pro Se, and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, Anthony Blue, complains of the defendants: C.O. J. WOODS #32107, SGT. LUIS J. OLIVENCIA, RAYMOND SHANLEY, LYNN J. LILLEY, LETITIA JAMES, WILLIAM A. SCOTT, ANTONIA G. MINUTOLI, JUSTIN CORCORAN, SUSAN M. KUSHNER, collectively referred to as the defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42

U.SC. § 1983 and § 1985, and arising under the law and statutes of the State of New York.

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state law, statutes and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this Court exists pursuant to 42 U.SC. § 1983 and § 1985, and under the Fourth, Fifth and Fourteenth Amendments to the united States Constitution.

## SATISFACTION OF THE PROCEDURAL REQUISITES FOR CLAIM

3.  This action has been commenced with in the time limits after the happenings of the events upon which the claim is based.

## PARTIES

4.  Plaintiff currently resides at Eastern Correctional Facility, P.O. Box 338, Napanoch, New York 12458-0338.

5.  The defendants C.O. J. WOODS #32107, SGT. LUIS J. OLIVENCIA, RAYMOND SHANLEY, LYNN J. LILLEY, LETITIA JAMES, WILLIAM A. SCOTT, ANTONIA G. MINUTOLI, JUSTIN CORCORAN, SUSAN M. KUSHNER are being sued in their individual capacities under constitutional state tort and in their official capacities under 42 U.S.C. § 1983[and § 1985] and reside at and/or employed in Albany County.

6.  Defendants C.O. J. WOODS #32107, SGT. LUIS J. OLIVENCIA, RAYMOND

SHANLEY reside at and/or employed at Coxsackie Correctional Facility, P.O. Box 999, Coxsackie, New York 12051.

7. Defendant LYNN J. LILLEY resides at and/or employed at Eastern Correctional Facility, P.O. Box 338, Napanoch, New York 12458-0338.

8. Defendants LETITIA JAMES, WILLIAM A. SCOTT and ANTONIA G. MINUTOLI, reside at and/or employed at the Office of the New York State Attorney General, Depart of Law, The Capitol, Albany, New York 12224-0341.

9. Defendant JUSTIN CORCORAN, reside at and/or employed at Albany Court Courthouse, 16 Eagle St., Albany, New York 12207

10. Defendant SUSAN M. KUSHNER resides at and/or employed at Albany Court Courthouse, 30 Clinton Ave., Albany, New York 12207.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. On or about October 25, 2022 at Coxsackie Correctional Facility, between the hours of 11 a.m. and 2 p.m. I was subjected to cell frisk.

12. Area supervisor **SGT. LUIS J. OLIVENCIA** negligently and carelessly instructed searching officer **C.O. J. WOODS #32107** that "when in doubt throw it out." [Sic], to wit, she intentionally, maliciously, and negligently, without plaintiff present, proceeded to throw plaintiff's personal property, consisting of family photos and other valuables into a garbage can.

13. On or about October 28, 2022 I filed an Inmate Property Claim Form to the deputy superintendent as required by DOC dir. #2733 and estimated plaintiff's loss at $1,517.08

14. I have been sent letters from the D.S.A for well over a year and a half stating that my

claim is still being investigated.

15. It is well past the 90 days to have this issue resolved and there are no other remedies are available to the plaintiff.

16. On or about 12/30/2022, defendants **LETITIA JAMES, WILLIAM A. SCOTT, and ANTONIA G. MINUTOLI,** acting in bad faith outside of their official duties without any legitimate cause or justification initiated a malicious prosecution by fraudulently passing themselves off as claimants to violate plaintiff's state and federal property rights, by filing an order to show cause in Albany County Supreme Court under the guise of the "Son of Sam Law" Exec. Law § 632, asking any justice to conspire with them to deprive plaintiff of his rights and property.

17. On or about 1/3/2023, defendant **JUSTIN CORCORAN** violated plaintiff's due process rights, the public trust and his fiduciary duty to plaintiff by carelessly and negligently acting outside of his jurisdiction and official duties by granting a T.R.O , without authority to do so, ordering defendant **RAYMOND SHANLEY** to seize plaintiff's inmate trust fund account in the amount of $11,000.00 plus dollars, when he had no authority to do so.

18. On or about 4/5/2022, defendant **SUSAN M. KUSHNER** violated plaintiff's due process rights, and the public trust and her fiduciary duty to plaintiff by carelessly and negligently acting outside of her jurisdiction and official duties by ordering a preliminary injunction , without authority to do so, ordering defendant **RAYMOND SHANLEY** to seize plaintiff's inmate trust fund account in the amount of $11,000.00 plus dollars, when he had no legal authority to do so.

19. On or about July 17, 2023 defendant **LYNN J. LILLEY** without authority to do

so, has violated plaintiff's due process rights, by seizing plaintiff's inmate trust account in the amount of $11,000.00 plus, when he had no legal authority to do so.

20. As a direct and proximate result of the defendants' actions, plaintiff has suffered and continues to suffer injuries in the form of emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process; in addition to, civil rights violations.

21. As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States, and by Title 42 U.S.C. § 1983[and § 1985] and rising under the law and statues of the State of New York, and by Art. I, § 5, 6, 11, and 12 of the New York State Constitution.

22. This action has been commenced within the time requirements after the happening of the events upon which the claim is based.

**AS A FIRST CAUSE OF ACTION: AGAINST ALL DEFENDANTS INTENTIONAL AND NEGLIGENT PERSONAL AND PROPERTY INJURY UNDER ART. I, § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES, AND BY TITLE 42 U.S.C. § 1983 [AND § 1985.] AND NEW YORK STATE LAW**

23. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

24. It was the duty of the defendants to maintain plaintiff's property and not to deprive him of said property. The defendants failed to perform these duties.

25. The acts complained of were carried out by the defendants in their individual

capacities and under the color of state law. Their acts were unconstitutional under state and federal law.

26. As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I, § 5, 6, 11, and 12 of the New York State Constitution.

27. As a consequence of defendants individual and collective actions set forth above plaintiff has suffered and continues to suffer injuries in the form of emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

**AS A SECOND CAUSE OF ACTION: AGAINST LETITIA JAMES, WILLIAM A. SCOTT, AND ANTONIA G. MINUTOLI MALICIUS PROSECUTION UNDER ART. I, § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES, AND BY TITLE 42 U.S.C. § 1983 [AND § 1985.] AND NEW YORK STATE LAW**

28. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. The commencement and continued prosecution of the civil proceedings against plaintiff was without legal justification, and with malice.

30. The defendants were directly involved in the initiation of civil proceedings against the plaintiff.

31. Defendants lacked probable cause to initiate civil proceedings against plaintiff.

32. Defendants acted with malice in continuing civil proceedings against plaintiff.

33. Defendants misrepresented and falsified statements of facts to Albany County Supreme Court judges.

34. The proceedings cannot terminate they were non-justiciable and thus are continuous in legal limbo.

35. As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I, § 5, 6, 11, and 12 of the New York State Constitution.

36. As a consequence of defendants individual and collective actions set forth above, plaintiff has suffered and continues to suffer injuries in the form of emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

**AS A THIRD CAUSE OF ACTION: AGAINST ALL DEFENDANTS, SUBSTANTIVE AND PROCEDURAL DUE PROCESS VIOLATION UNDER**

ART. I , § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, EIGHT AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES , AND BY TITLE 42 U.S.C. § 1983 [AND § 1985.], AND NEW YORK STATE LAW

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. Plaintiff had a constitution protection in his personal property and his inmate trust fund account.

39. The defendants deprived the plaintiffs of that interest without due process of law.

40. The defendants had no legal right to deprive the plaintiffs of that interest without due process of law and the deliberate indifferent actions were egregious and outrages to the point of shocking the conscience.

41. As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I , § 5, 6, 11, and 12 of the New York State Constitution.

42. As a consequence of defendants individual and collective actions set forth above, plaintiff has suffered and continues to suffer injuries in the form of emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

## AS A FOURTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS VIOLATION OF EQUAL PROTECTION UNDER ART.I, § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES, AND BY TITLE 42 U.S.C. § 1983 [AND § 1985.] AND NEW YORK STATE LAW

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. The acts and omissions by the defendants described above is part of a pattern of discriminatory intent carried out pursuant to overlapping policies and customs adopted in flagrant disregard of the state and federal constitutions. The defendants conspired to deprive plaintiff of his property without due process.

45. Plaintiff is a convicted felon and the defendants have singled out plaintiff and others similarly situated, under the watch of the criminal justice system who are a politically powerless minority class/group that will have difficulty fighting back and challenging the unlawful deprivation of their property without due process of law, or compelling state interest or justification, and for this purpose, plaintiff was deprived of the equal protection of the law.

46. Defendants did in fact deprive plaintiff of his protected property rights without due process.

47. Plaintiff was injured in his person and property and deprived of his rights as a citizen of the United States.

48. The acts complained of were carried out by the defendants in their individual capacities and under the color of state law. Their acts were unconstitutional under state

and federal law.

49.    As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I, § 5, 6, 11, and 12 of the New York State Constitution.

50.    As a consequence of defendants individual and collective actions set forth above, plaintiff as suffered and continues to suffer injuries in the form of: emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

**AS A FIFTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS BREACH OF FIDUCIARY DUTY UNDER ART. I, § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, EIGHT AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES , AND BY TITLE 42 U.S.C. § 1983 [AND § 1985.] AND NEW YORK STATE LAW**

51.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52.    The defendants had an existing relationship with plaintiff to insure and protect plaintiff's state and federal civil rights.

53.    The defendants fail in this duty by depriving plaintiff of his rights as a citizen of the United States.

54. The acts complained of were carried out by the defendants in their individual capacities and under the color of state law. Their acts were unconstitutional under state and federal law.

55. As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I , § 5, 6, 11, and 12 of the New York State Constitution.

56. As a consequence of defendants individual and collective actions set forth above, plaintiff has suffered and continues to suffer injuries in the form of emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

**AS A SIXTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS CRUEL AND UNUSUAL PUNISHMENT UNDER ART.I , § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES , AND BY TITLE 42 U.S.C. § 1983 [AND § 1985.] AND NEW YORK STATE LAW**

57. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. The defendants' destruction and deprivation of plaintiffs property was an unnecessary and wanton infliction of pain and is incompatible with the evolving standards of decency that marks the progress of a maturing society.

59. The acts complained of were carried out by the defendants in their individual capacities and under the color of state law. Their acts were unconstitutional under state and federal law.

60. As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I, § 5, 6, 11, and 12 of the New York State Constitution.

61. As a consequence of defendants individual and collective actions set forth above, plaintiff as suffered and continues to suffer injuries in the form of emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or anamount to be determined at trial against each defendant individually or severally in their individual and official capacities.

**AS A SEVENTH CAUSE OF ACTION: AGAINST SGT. J .L. OLIVENCIA, LETITIA JAMES SUPERVISORY LIABILITY UNDER ART. I , § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES , AND BY TITLE 42 U.S.C. § 1983[AND § 1985.], AND NEW YORK STATE LAW**

62. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63. The defendants were directly involved in the deprivation of plaintiff's rights.

64. The defendants failed to remedy the actions of their subordinates during the alleged wrongs.

65. The defendants created a policy and custom of depriving individuals and the plaintiff of their property rights.

66. The defendants were grossly negligent in their supervision of their subordinates as they committed the alleged violations.

67. The defendants were deliberately indifferent to plaintiff's rights by failing to act on information of well-known occurrence of constitutional violations.

68. The acts complained of were carried out by the defendants in their individual capacities and under the color of state law. Their acts were unconstitutional under state and federal law.

69. As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I , § 5, 6, 11, and 12 of the New York State Constitution.

70. As a consequence of defendants individual and collective actions set forth above, plaintiff has suffered and continues to suffer injuries in the form of emotional distress,

humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

**AS AN EIGHTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS CONSPIRACY UNDER ART .I , § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, EIGHT AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES , AND BY TITLE 42 U.S.C. § 1983 [AND § 1985.] AND NEW YORK STATE LAW**

71.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72.   The defendants entered in to an agreement to deprive plaintiff of his state and federal protected rights.

73.   The defendants acted in concert to inflict an unconstitutional injury.

74.   The defendants committed the overt act of depriving plaintiff of his protected property interest without due process of law, causing the plaintiff personal and property injuries.

75. The acts complained of were carried out by the defendants in their individual capacities and under the color of state law. Their acts were unconstitutional under state and federal law.

76.   As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and

Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I , § 5, 6, 11, and 12 of the New York State Constitution.

77. As a consequence of defendants individual and collective actions set forth above, plaintiff has suffered and continues to suffer injuries in the form of emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official caspacities.

## AS AN NINTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS THEFT UNDER ART. I , § 5, 6, 11, AND 12 OF THE NEW YORK STATE CONSTITUTION AND THE FOURTH, FIFTH, EIGHT AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES , AND BY TITLE 42 U.S.C. § 1983 [AND § 1985.] AND NEW YORK STATE LAW

78. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79. The defendants had criminal intent when they deprived the plaintiff of his property.

80. The plaintiff had a right to the property that he was deprived of.

81. The defendants unlawfully deprived the plaintiff of his property.

82. The acts complained of were carried out by the defendants in their individual capacities and under the color of state law. Their acts were unconstitutional under state and federal law.

83. As a direct and proximate result of the defendants' intentional, malicious, reckless and in bad faith individual and collective actions under the color of State law, plaintiff was deprived of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. § 1983 [and § 1985] and rising under the law and statues of the State of New York, and by Art. I , § 5, 6, 11, and 12 of the New York State Constitution.

84. As a consequence of defendants individual and collective actions set forth above, plaintiff has suffered and continues to suffer injuries in the form of emotional distress, humiliation and unwarranted severe anger bouts from the cruel and unusual punishment of being deprived of his property without due process. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

WHEREFORE, Plaintiff hereby demands and respectfully request judgment against all defendants as follows:

1. For compensatory damages against all defendants in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

2. For punitive damages against all defendants in the amount of $ 100,000.00 U.S. dollars or an amount to be determined at trial against each defendant individually or severally in their individual and official capacities.

3. For cost of suit herein, including plaintiff's reasonable attorney's fees; and;

4.  For such other and further relief as the court deems proper.

Dated: September 22, 2024
Ulster, New York

_____
Anthony Blue, Pro Se
#15A4723
Eastern Correctional Facility
P.O.Box 338, Napanoch,
New York 12458-0338.

## VERIFICATION

I affirm this 22nd day of September, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that foregoing is true, and I understand that this document may be filed in action or proceeding in a court of law.

_____
Anthony Blue