UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ANTHONY BLUE,

                                        Plaintiff,

                                                                            9:24-CV-1203
            v.                                                              (AJB/TWD)


LETITIA JAMES, et al.,

                                        Defendants.

_____

APPEARANCES:

ANTHONY BLUE
Plaintiff, pro se
15-A-4723
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458


ANTHONY J. BRINDISI
United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

        Plaintiff Anthony Blue commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in

forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application").  By Decision

and Order entered on April 25, 2025, the Court granted plaintiff's IFP Application, reviewed

the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b),

dismissed each of plaintiff's Section 1983 claims without prejudice for failure to state a claim

upon which relief may be granted, and declined to exercise supplemental jurisdiction over

plaintiff's state law claims.  Dkt. No. 8 ("April 2025 Order").  In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint.  *Id*. at 16-19.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 10 ("Am. Compl.").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Complaint and April 2025 Order

In his complaint, plaintiff asserted claims against defendants Corrections Officer Woods and Corrections Sergeant Olivencia based on allegations that these officials destroyed his personal property during a cell search, and separately asserted claims against defendants New York State Attorney General Letitia James, New York State Assistant Attorney General William Scott, New York State Assistant Attorney General Antonia G. Minutoli, Albany County Supreme Court Justice Justin Corcoran, Albany County Family Court Justice Susan M. Kushner, Coxsackie Correctional Facility Superintendent Shanley, and Eastern Correctional Facility Superintendent Lilley based on allegations that these officials conspired to deprive plaintiff of funds in his prison account through a state court action brought under the "Son of Sam Law" law.  Compl. at 3-5.

The complaint was construed to assert the following claims against the named defendants in their individual and official capacities: (1) Fourteenth Amendment due process claims; (2) Fourteenth Amendment malicious prosecution claims; (3) Fourteenth Amendment equal protection claims; (4) Eighth Amendment conditions-of-confinement claims; and (5) various state law claims.  *See* April 2025 Order at 7.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims without prejudice pursuant to 28

2

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and declined to exercise supplemental jurisdiction over plaintiff's state law claims.  *See* April 2025 Order at 7-19.

**B.    Review of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the April 2025 Order and it will not be restated in this Decision and Order.  *See* April 2025 Order at 3-5.

As with the original complaint, plaintiff's amended complaint asserts claims based on officials depriving him of funds from his prison account through a state court action brought under the "Son of Sam Law" law.  The allegations in the amended complaint are materially similar to, albeit more detailed than, the allegations in the original complaint, with three exceptions.  First, the amended complaint does not assert claims against Corrections Officer Woods and Corrections Sergeant Olivencia based on allegations that these officials destroyed his personal property during a cell search.  Second, the amended complaint does not assert claims against the state court judges who imposed the orders to preserve funds in plaintiff's prison account pending the outcome of any civil action brought by the victim of plaintiff's crime, or the correctional facility superintendents who carried out those orders by preventing plaintiff from accessing the entirety of his prison account in accordance with those orders.  *See generally*, Am. Compl.  Instead, the amended complaint asserts only individual capacity claims against New York State Attorney General Letitia James, New York State

3

Assistant Attorney General William Scott, and New York State Assistant Attorney General Antonia G. Minutoli. *Id*. at 1-2. Third, the amended complaint is supported by several exhibits, including records from the state court proceedings that resulted in the hold on plaintiff's inmate account. *Id*. at 18-57. The following new facts are set forth as alleged in the amended complaint or indicated in documents attached thereto.

On November 14, 2022, in accordance with New York State Executive Law § 632-a(2)(b), the New York State Department of Corrections and Community Supervision ("DOCCS") notified the New York State Office of Victim Services that plaintiff's prison account had a balance that exceeded $10,000. Am. Compl. at 25-26. On December 8, 2022, a representative from the Office of Victim Services contacted the victim of the crime that forms the basis of plaintiff's incarceration. *Id*. at 26-27. On December 19, 2022, the crime victim notified the Office of Victim Services of her intent to commence a civil claim for money damages pursuant to New York State Executive Law § 632-a(3) & (4). *Id*. at 27.

On or about December 30, 2022, defendant Minutoli, an attorney for the Office of Victim Services, commenced a state court action in Albany County, acting on the crime victim's behalf pursuant to New York State Executive Law § 632-a(5) &(6), wherein he sought to enjoin and restrain plaintiff and the Superintendent of his facility from transferring or otherwise disposing of any funds in plaintiff's prison account, less the first $1,000.00, pending a hearing on a motion for a preliminary injunction. *See* Am. Compl. at 25-32. On December 30, 2022, Justice Corcoran granted the request and ordered plaintiff to show cause, at a hearing, why a preliminary injunction should not be issued pursuant to New York State Executive Law § 632-a. *Id*. at 33-36.

On April 7, 2023, Justice Kushner granted defendant Minutoli's application for a preliminary injunction to preserve the funds in plaintiff's prison account pending the outcome of any civil action brought by the victim of plaintiff's crime.  Am. Compl. at 52-56.

According to plaintiff, the state officials who pursued funds from his prison account did so using "a prefabricated forged affidavit of an alleged crime victim[,]" and the orders issued by Justices Corcoran and Kushner wrongfully "deprived plaintiff of his property[,]" all in violation of his constitutional rights.  *See* Am. Compl. at 3-4.

The Court liberally construes the allegations in the amended complaint to assert the following claims against the named defendants: (1) Fourteenth Amendment due process claims; (2) Fourteenth Amendment malicious prosecution claims; (3) Fourteenth Amendment equal protection claims; (4) Eighth Amendment conditions-of-confinement claims; (5) conspiracy claims under 42 U.S.C. §§ 1983 and 1985; and (6) various state law claims.

Plaintiff seeks money damages.  Am. Compl. at 16-17.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C.    Analysis

As noted, the amended complaint is materially similar to the original complaint with respect to plaintiff's claims against defendants James, Scott, and Minutoli.  Moreover, the documents attached to the amended complaint make clear that these officials (1) acted pursuant to New York law in taking steps to preserve funds in plaintiff's prison account, and (2) did not request that the funds be forfeited but rather only sought to preserve those funds so that they remained available to satisfy any judgment in favor of the victim of plaintiff's crime.  *See* Am. Compl. at 18-57.  Finally, any ruling in plaintiff's favor in this action could only be based on a finding that the state court orders were incorrect because they were

5

procured by fraud, which is an argument that plaintiff could have advanced in either the underlying state court proceeding, or on appeal.

Accordingly, and for the reasons set forth in the April 2025 Order, plaintiff's Section 1983 claims are dismissed as barred by the *Rooker-Feldman* doctrine, and alternatively on the basis of prosecutorial immunity. *See Coleman v. Pataki*, 170 Fed. App'x 145, 146 (2d Cir. 2006) (finding that the *Rooker-Feldman* doctrine applied to "[a] New York state court order[ ] [to] freeze [plaintiff's] inmate account pursuant to New York Executive Law § 632-a, known as the Son-of-Sam Law, making the funds available to satisfy any judgment against Coleman in his victim's favor"); *see also Nnaka v. Fed. Republic of Nigeria*, No. 18-CV-4404, 2019 WL 6831532, at *10 (S.D.N.Y. Aug. 12, 2019) ("Absolute immunity also applies to activities of government attorneys in civil suits, including in civil forfeiture actions. . . . Absolute immunity applies to functions of government attorneys in civil suits 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation.'" *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d. Cir. 2006) (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986))), *report and recommendation adopted as modified by* 2019 WL 4564927 (S.D.N.Y. Sept. 19, 2019), *aff'd*, No. 19-3904, 2020 WL 6839179 (2d Cir. Aug. 5, 2020); *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir.) (holding that prosecutor's conduct in filing for an injunction in civil forfeiture case was entitled to absolute immunity because the prosecutor "acted pursuant to the authority vested in him under [state] law, functioning purely in his capacity as an advocate for the state."), *cert. denied*, 516 U.S. 1011 (1995); *Schrob v. Catterson*, 948 F.2d 1402, 1416 (3d Cir. 1991) (holding that prosecutor seeking a seizure warrant in civil forfeiture action was entitled to absolute immunity).

In light of the dismissal of plaintiff's federal claims, the Court declines to exercise

supplemental jurisdiction over any state law claims at this juncture. *See* 28 U.S.C. § 1367(c)(3); *Valencia v. Sung M. Lee*, 316 F.3d 299, 306 (2d Cir. 2003).

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** without prejudice to plaintiff pursing any available state law remedies in state court, without further leave to amend in this action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) on immunity grounds and for failure to state a claim upon which relief may be granted.  The Clerk is directed to terminate the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  June 23, 2025
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge